

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00150-CV

**TERRY JUSTIN SMITH,**

**Appellant**

v.

**STEPHANIE SANDERS,**

**Appellee**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D14-22936-CV

## ORDER

By letter dated January 9, 2015, the Clerk of this Court notified appellee that the brief was past due and requested appellee to either file the brief, request an extension of time to file the brief, or notify the Court that no brief would be filed. There was no response to the Clerk's letter. By order issued on September 17, 2015, appellee was ordered by the Court to file the brief, request an extension of time to file the brief, or

notify the Court that no brief would be filed. No brief, request for an extension of time, or notification were provided to the Court as ordered.

On October 22, this Court abated this appeal and ordered the trial court to conduct a hearing to determine why no appellee's brief had been filed, why there was no response to the Court's September 17, 2015 order or the Clerk's January 9, 2015 letter, and when appellee would provide the Court with an appellee's brief. In response to this Order, appellee's counsel finally informed this Court that counsel had not been able to reach appellee and that counsel had not been retained to file a brief for appellee.

The Rules of Appellate Procedure allow counsel to file non-representation notices. *See* TEX. R. APP. P. 6.4. If counsel was not retained to represent appellee on appeal, a non-representation notice should be filed with the Court. Counsel's notice does not comply with those requirements.

Accordingly, this appeal is reinstated. If counsel is not representing appellee, Stephanie Sanders, counsel is ORDERED to provide the Court with a Notice of Non-representation in compliance with Rule 6.4(a)(1),(2), and (3) of the Texas Rules of Appellate Procedure within **7 days** from the date of this Order. If counsel remains unable to contact appellee, we will not require counsel to strictly comply with subsection (4) of the Rule. However, the notice should summarize counsel's efforts to do so.

Failure to comply with this Order will result in the abatement of this appeal to the trial court to determine if counsel should be held in contempt of court.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal reinstated; order entered
Order issued and filed November 19, 2015

